KASTLER, Appellant, vs. TURES, Respondent.

*September 15—October 12, 1926.*

*Automobiles: Service car assisting wrecked machine: Obstructing highway: Parking: Negligence: Degree of care required: Indefinite pleading: How corrected.*

1. If a complaint in an action for negligence is defective in not assigning specifically the negligence charged, advantage should be taken by way of motion to make more definite and certain; and if no objection be made, the court, if necessary, may after verdict direct the pleading to be amended to conform to the proof. p. 122.
2. Sec. 85.02, Stats., relating to parking on highways, does not prohibit the stopping of a service truck on the road to hitch onto a wrecked car in a ditch, the phrase "parking on highway" meaning the voluntary act of leaving a car on the highway when not in use. p. 124.
3. In stopping his service car on the highway to tow a wrecked car, plaintiff was bound to use ordinary care to prevent a collision with passing automobiles. p. 124.
4. Plaintiff stopped his service car, with front and rear lights and a spot light burning, near a wrecked automobile, and stationed a man with a flash light to warn approaching traffic. Not-

withstanding neither the service car nor the wrecked machine extended to the center of the highway, defendant, driving in the rain, ran into the service car. *Held,* that the jury had a right to find, and was justified in finding, that there was no lack of ordinary care on plaintiff's part, and the court erred in changing such finding. p. 125.

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Reversed, with directions.*

For the appellant there was a brief by *J. Allan Simpson,* attorney, and *Beck, Smalley & Smith,* of counsel, all of Racine, and oral argument by *Mr. Simpson.*

For the respondent the cause was submitted on the brief of *Alfred L. Drury* of Kenosha.

CROWNHART, J.    This was an action for damages resulting from a collision between the defendant's and the plaintiff's automobiles. The defendant denied liability and counterclaimed for damage to his automobile. The case was tried before a jury, and the jury found that there was want of ordinary care on the part of the defendant in operating his automobile, which was the proximate cause of the collision; that there was no negligence on the part of the plaintiff in regard to locating his truck on the highway, or in maintaining lights, or in giving warning to travelers; and the amount of damage to each machine, about which there is no dispute.

Thereafter, on motion, the circuit judge changed the answers in the special verdict so as to hold the plaintiff guilty of negligence in regard to maintaining lights on his service truck and in regard to giving warning to travelers. Judgment was entered accordingly, and plaintiff appealed.

The court, in his memorandum decision, said:

"The only allegation of the complaint regarding negligence is that the defendant operated his automobile 'in a careless, negligent, and unlawful manner without regard

for the lights and signals of the plaintiff,' to the plaintiff's damage. A defendant is entitled to be advised by specific allegations in the complaint and by specific findings in a special verdict just what negligence he is charged with and just what negligence is found against him. These requirements have not been met in this case by either complaint or verdict. That the defendant did not ask to have the complaint more definite and certain or ask for questions in the verdict designed for specific findings as to negligence does not save the situation."

Apparently the court did not base the judgment on the grounds mentioned in the memorandum. It is very clear that such position is untenable. The case was tried and submitted without any objection on the part of the defendant as to the form of the complaint or the form of the special verdict. If the complaint had been defective on the grounds stated, it should have been objected to by the defendant by proper motion to make more specific and certain. As no objection was made, if necessary the court should have directed the complaint to be amended to conform with the proof. If the special verdict was deficient, the court should have supplied the necessary findings, which he did, or the facts will be presumed to have been found in conformity with the judgment of the court. Sec. 270.28, Stats. We think the verdict was sufficient under the circumstances.

There is no dispute about the negligence of the defendant. The jury found the defendant negligent; the court so found, and the defendant did not appeal or ask for review on plaintiff's appeal. The sole question before us is whether or not the court was justified in changing the answers in the special verdict to find the plaintiff guilty of negligence which proximately caused the damage.

There is no substantial dispute in the evidence. A party going north on state highway 15, between Kenosha and Racine, ran off the highway into the ditch on the west side.

The highway was concrete, twenty feet wide, with a shoulder about two feet in width. The car ran into the ditch, leaving the hind wheels on the shoulder. The plaintiff had a service car equipped with a derrick, and came to the relief of the car in the ditch. He came from the north going south, passed by the car in the ditch, and then backed up, rear end to rear end. The two cars thus located were standing at an angle of about forty-five degrees to the cement highway, the service truck extending on to the cement highway less than half the width of the cement. The car in the ditch had its front and rear lights burning. The service truck had its front lights burning, also a dash light in the car, the door being open, and a red tail light. Besides this it had a spot light on the derrick, about ten feet from the ground, and situated at the rear end of the service car about two feet west from the cement highway. While the plaintiff was getting ready to hitch on to the stalled car to pull it out, a man assisting in the work used a flash light to warn and guide travelers on the highway by the service car. A large number of automobiles went by in safety, but the defendant, going south on the highway, ran into the service car about its middle, resulting in damage to both cars.

The defendant was driving a Chandler car, and seated with him on the front seat was a young lady friend. It was raining and dark. The accident happened about 10 o'clock p. m. The highway was straight for several hundred feet north of the service car. The plaintiff heard defendant's car coming and notified the man with the flash light, who ran north about fifty feet waving his flash light as a warning. The defendant came on without lessening his speed. The man with the flash light had to jump off of the highway to escape being hit. Defendant's car was going at a speed of twenty-five to thirty-five miles an hour. Defendant admitted that he was going twenty-five miles an hour,

and plaintiff claimed that he was going thirty to thirty-five miles an hour. Defendant claimed that he could not see well owing to the rain on his wind-shield and to the reflection from the lights on other cars and the foggy condition of the atmosphere. He did not see the service truck until he hit it, and he did not see the man with the flash light or the light itself. His own car had proper lights.

The statutes provide:

"85.02 Except when making absolutely necessary repairs, no person shall park or leave any vehicle along, upon, or within the limits of any public highway in such manner as to interfere with the free passage of vehicles over and along such highway. In all cases there shall be left a free and usable passageway of at least eighteen feet so that vehicles going in opposite directions may pass without interference from any standing vehicle."

It is claimed by the defendant that this statute applies to the situation before us. We do not think so. This statute applies to parking cars in the highway, an expression well understood to mean the voluntary act of leaving a car on the highway when not in use. This was not such a case. Here there had been an accident. The wrecked car was in the ditch with passengers in it, and the plaintiff was making a proper and necessary use of the highway under an emergency. The plaintiff was bound to use ordinary care by the means of lights and otherwise to prevent a collision between his service car and cars operating on the highway. It is admitted that there was ample room for cars going in either direction to pass on this cement highway. The jury had a right to find from the evidence the facts here stated with reference to the lights on the service car and the warning given by the man with the flash light. Defendant cites to our attention certain orders of the industrial commission concerning parked cars, but they, like the statute, do not apply to an emergency, as in this case.

Under the facts stated, we think the jury had a right to find, and was fully justified in finding, that there was no lack of ordinary care on the part of the plaintiff.

*By the Court.*—The judgment of the circuit court is reversed, with directions to reinstate the answers in the verdict and to enter judgment thereon in favor of the plaintiff.