Long, Administratrix, Respondent, vs. Steffen, Appellant.

*October 14—November 8, 1927.*

*Automobiles: Negligence: Law of the road: Making repairs on highway: Repairing punctured tire.*

1. Repairing a punctured tire comes within the designation of "absolutely necessary repairs" in sec. 85.02, Stats., and it is not negligence to drive a truck to the side of the concrete pavement for the purpose of repairing a tire, where reasonable precautions are taken, the lights of the truck burning, and someone on guard to signal approaching cars.   p. 183.

2. An automobile is not "parked" within the meaning of said sec. 85.02 where it is merely placed in the safest position on the highway to permit the making of necessary repairs.  p. 185.

APPEAL from a judgment in plaintiff's favor of the circuit court for Sheboygan county: CHESTER A. FOWLER, Judge.  *Affirmed.*

This action was brought by *Helen M. Long,* as administratrix of the estate of her husband, Murlton J. Long, to recover damages from the defendant both on the ground of damages sustained by the widow and such as resulted to the estate of the deceased husband.

The deceased, on the day of the accident, was driving north on state trunk highway No. 17, in a truck laden with household furniture and effects, and when he reached a point on said highway about four miles south of the city limits of Sheboygan the defendant's automobile, coming from the south, collided with the truck, which collision resulted in the injuries and damage herein complained of.

State trunk highway No. 17 is concreted to the extent of eighteen feet in width, and to the east and west of the concrete there are gravel shoulders each four feet in width, so that under ordinary circumstances the highway afforded a space of twenty-six feet for the purposes of travel.  For some time prior to the accident rains had fallen to such an extent as to thoroughly saturate the gravel shoulders and make them unusable for the purposes of travel.  The deceased, who operated the truck, was accompanied by his father, and when the truck arrived at the point of the collision the rear left tire of the car sustained a puncture. East of the easterly gravel shoulder was a ditch, and next to this ditch was an embankment several feet high.  When the puncture was observed the deceased steered his truck so that the easterly wheels stood upon the edge of the east shoulder.  The deceased then alighted from the truck and proceeded to repair the puncture, but owing to the highly

Long v. Steffen, 194 Wis. 179.

softened condition of the gravel the repair could not be made. He then, with the aid of some boards and planks, operated the truck so that it rested with its easterly wheels upon the east edge of the concrete. He then removed the tire and conveyed it to a distance of about five or six feet in front of the truck, in order to enable him with the aid of his lights to make the repair. The evidence shows and the jury found that both the front and tail lights were burning at the time of the accident. While the deceased was so engaged the defendant approached the truck from the south at an exceedingly rapid and dangerous rate of speed, and owing, as he claims, to the glare of the headlights of an oncoming automobile from the north, which it is claimed blinded him, he ran into the truck, with the results above indicated.

The truck, with its load, was about ten feet in height, and the same was covered with a white canvas which, according to the testimony of some of the witnesses, could be seen for a considerable distance. The truck was struck with such tremendous force that it was moved forward and sideways into and over the ditch, so that it landed on the embankment east of the ditch, a distance of about twenty-five feet from the point of collision. The deceased was struck by his truck, which caused the injury.

The case was submitted to the jury on a special verdict, and here follow the questions and answers thereto:

"(1) Did the deceased, Murlton J. Long, fail to use ordinary care:

"(a) In respect to parking his truck on the highway? A. (by the court). Yes.

"(b) In respect to maintaining a tail light on the truck? A. No.

"(2) Did the want of ordinary care above found proximately contribute to produce the collision? A. No.

"(3) What sum will compensate the estate of Mr. Long for his death? A. $1,614.45.

"(4) What sum will compensate *Mrs. Long* for the pecuniary loss she sustained as a result of her husband's death? *A.* $5,000."

On this verdict judgment was entered in plaintiff's favor, and the defendant thereupon prosecuted this appeal.

For the appellant there was a brief by *Lines, Spooner & Quarles* of Milwaukee (*Werner & Clemens* of Sheboygan, attorneys), and oral argument by *Charles B. Quarles.*

For the respondent there was a brief by *Bowler & Bowler,* and oral argument by *G. W. Buchen,* all of Sheboygan.

DOERFLER, J.    The court held as a matter of law that the defendant was negligent and that such negligence was the proximate cause of the injury.    He further directed the jury to answer the first question of the special verdict in the affirmative.    Under the construction placed by the court on sec. 85.02 of the Statutes, the court held that leaving the truck on the east edge of the concrete while it was undergoing repairs constituted negligence as a matter of law. The correctness of this view forms the crucial question to be determined by this court.    The section referred to reads as follows:

"Except when making absolutely necessary repairs, no person shall park or leave any vehicle along, upon, or within the limits of any public highway in such manner as to interfere with the free passage of vehicles over and along such highway.    In all cases there shall be left a free and usable passageway of at least eighteen feet so that vehicles going in opposite directions may pass without interference from any standing vehicle."

What was the legislative intent in enacting this statute? What is the evil that the law-making body designed to regulate or obviate?    Clearly it must be assumed that the legislature was aware of the varying widths of highways used for public travel in this state; that some highways are eighteen feet in width; others have a width, like the instant

highway, of twenty-six feet, and still others are even considerably wider than twenty-six feet. It also was aware of the existence of innumerable highways that were narrower than eighteen feet. A careful reading and study of the statute indicates that it is directed against the parking of vehicles under certain conditions. It recognizes the necessity for absolutely necessary repairs where a vehicle temporarily is placed out of commission by reason of some vital break occurring in its parts. The statute, while it uses the word "vehicle," is intended to be applicable primarily to automobiles, for the reason that the automobile has practically eliminated other vehicular traffic. The various parts of the engine of an automobile may become disabled at any time. Breaks may occur in the transmission and in the electrical portions of the mechanism. A tire puncture, however, occurs most frequently, a fact of which we can take judicial notice, and it is also quite generally understood that the operation of a machine with a punctured tire is dangerous to life and limb; not only that, but the operation of an automobile with a deflated tire may be highly injurious not only to the tire but also to the wheel and to the mechanism of the entire car. Many of these defects are readily repaired. In some instances the operator can adjust matters in a comparatively few seconds; others require a somewhat longer period.

Does the repairing of a punctured tire come under the statutory designation of "absolutely necessary repairs?" We are of the opinion that it does. Of course, if a breakdown in the mechanism or the parts of an automobile is of such a nature that a repair can only be made by a mechanic in a garage, or if the defect is of such a nature as to require a considerable time for repair, the leaving of the car in the position in which the instant car was left might violate the express terms of the statute or constitute common-law negligence. But in the instant case the truck had not been

"parked" in the sense in which that term is used in the statute. The leaving of a car upon a highway for the making of absolutely necessary repairs may also in certain instances be negligent, where it is so left as to unnecessarily obstruct the traffic, and where no precautions are taken to signal approaching cars. In the instant case we hold that every reasonable precaution was taken. The lights were burning, and someone was on guard to signal approaching cars.

In the recent case of *Kastler v. Tures,* 191 Wis. 120, 210 N. W. 415, in construing sec. 85.02 of the Statutes this court said in an opinion rendered by Mr. Justice CROWN-HART:

"This statute applies to parking cars in the highway, an expression well understood to mean the voluntary act of leaving a car on the highway when not in use. This was not such a case. Here there had been an accident. The wrecked car was in the ditch, with passengers in it, and the plaintiff was making a proper and necessary use of the highway under an emergency. . . ."

In justice to the learned circuit judge before whom the instant case was tried, it must be said that the opinion in the *Kastler Case* had not been handed down at the time of the trial and decision in the lower court. Under the case last mentioned there was no parking of the truck in question. It was not voluntarily left upon the highway in the sense that the term "parking" is ordinarily used. The deceased was merely making an absolutely necessary repair, and his truck was permitted to remain standing upon a portion of the highway which was then usable, in a manner which would be least dangerous to others using the highway for the purposes of travel.

When the legislature in the second sentence in this statute uses the language *"In all cases* there shall be left a free and usable passageway of at least eighteen feet so that vehicles

going in opposite directions may pass without interference from any standing vehicle," it merely had reference to parking cars upon the highway in the sense in which the word "parking" is construed in the *Kastler Case*. In view of the construction placed upon this statute by this court the truck was not parked. It was merely placed in the safest possible position so as to enable the making of an absolutely necessary repair so that the emergency created might be met. This leads to the conclusion that under the undisputed evidence in the case the deceased was free from negligence as a matter of law, and this avoided the necessity of any issue of proximate cause.

The statute in question was enacted in 1921 and was amended in 1923. The accident in the case of *Schacht v. Quick*, 178 Wis. 330, 190 N. W. 87, happened before the enactment of the statute of 1921. In that case it was held: "A traveler has the right to make reasonable use of the highway for the examination or repairs of his car while traveling. . . ." Having come to the conclusion that the truck was not parked, and that sec. 85.02 of the Statutes was intended to regulate parking of cars upon the highway, the language in the *Quick Case* is clearly applicable. The legislature intended by the second sentence in sec. 85.02 to indicate that parking of cars shall not be permitted and shall be unlawful in any case where there shall not be left upon the portion of a highway a free and usable passageway of at least eighteen feet, etc. It was not intended that parking upon the highway should be prohibited altogether.

*By the Court.*—The judgment of the lower court is affirmed, for the reasons herein stated.