UNITED PAPER CORPORATION, Respondent, vs. LIETZ, Appellant.

SCHULTZ, Respondent, vs. LIETZ, Appellant.

*February 4—March 5, 1929.*

For the appellant there was a brief by *James Murray* and *Vincent J. Collins,* both of Fond du Lac, and oral argument by *Mr. Murray.*

For the respondents there was a brief by *Duffy & Duffy* and *Russell E. Hanson,* all of Fond du Lac, and oral argument by *Mr. Hanson* and *Mr. F. Ryan Duffy.*

CROWNHART, J. The municipal court act of Fond du Lac county was considered in *Chapleau v. Manhattan Oil Co.* 178 Wis. 545, 190 N. W. 361, and it was there held that the circuit court has the same powers upon the hearing of an appeal as are granted in sec. 3769 of the Statutes of 1921 (now sec. 306.18); that is to say, he had a right to give judgment on the evidence taken below, according to the weight of the evidence and the justice of the case, without regard to the finding of the municipal judge.

The municipal court found that the United Paper Corporation, the plaintiff in one action, was the owner of the automobile, and that Richard Schultz, the plaintiff in the other action, was the driver thereof; that Schultz, between the hours of 7 and 8 o'clock on the 12th day of September, 1927, drove his car along a street in the city of Ripon which was paved with concrete at least eighteen feet wide and which had shoulders on each side of not less than four feet; that he turned off from the concrete onto the shoulder until his left wheels were about two feet on the concrete, and then stopped his car for the purpose of looking over some papers he had in his grip; that his car thus remained while he examined the papers for a period of about five minutes; that while so standing the defendant, with his car, came from behind and ran into the hind end of the standing car, with resulting damage to the car and to the driver; that the

defendant was negligent in several respects which proximately caused the damage.

On the other hand, the court found that the action of "Schultz, in parking the automobile as he did, on the concrete highway, for the purpose of investigating papers and not in making immediate necessary repairs, was a want of ordinary care, which contributed to produce the collision in question."

The circuit court did not change any of the findings of fact of the municipal court, but concluded that the municipal court found the plaintiff Schultz guilty of contributory negligence simply on the ground that he had violated sec. 85.02 with reference to parking, and held that the municipal court was wrong in his construction of the law. Sec. 85.02 is as follows:

"85.02   Except when making absolutely necessary repairs, no person shall park or leave any vehicle along, upon or within the limits of any public highway in such manner as to interfere with the free passage of vehicles over and along such highway. In all cases there shall be left a free and usable passageway of at least eighteen feet so that vehicles going in opposite directions may pass without interference from any standing vehicle. Whenever any peace officer shall find a vehicle standing upon a highway in violation of the provisions of this section, he is hereby authorized to move such vehicle or require the driver or person in charge of such vehicle to move said vehicle to a position permitted under this section."

Exception is taken to the circuit court's construction of the parking statute. We have considered that statute in *Kastler v. Tures,* 191 Wis. 120, 210 N. W. 415, and *Long v. Steffen,* 194 Wis. 179, 215 N. W. 892, and within the opinion in those cases, and from a plain reading of the statute, we conclude that the circuit court was correct in his interpretation thereof. The driver of the automobile did not leave his car in the highway, but remained therein for

a lawful purpose for a short period of time. His car was lighted both front and rear; it is clear that his car did not interfere with the free passage of vehicles over and along such highway; and that there was a free and usable passageway of at least eighteen feet so that vehicles going in opposite directions might pass without interfering with his standing automobile. His car was only two feet on the concrete. The concrete was eighteen feet wide, and there were four feet of usable highway on the opposite shoulder.

It is contended by the defendant that assuming the car was not parked in violation of statute, still the driver of the car was guilty of negligence which contributed to the accident. But the circuit court found to the contrary, and we cannot say that his finding was against the weight of the evidence; on the contrary, we cannot discover anything in the evidence that would indicate that the driver was in any wise negligent in driving his car to the side of the highway for a temporary purpose under the circumstances.

*By the Court.*—The judgments of the circuit court are affirmed.