## JAGGERS v. SOUTHEASTERN GREY-HOUND LINES, Inc.

### No. 126.

District Court, M. D. Tennessee, Columbia Division.

July 31, 1940.

Bass, Berry & Sims, of Nashville, Tenn., Harry T. Cook, of McMinnville, Tenn., and Hugh T. Shelton and Pride Tomlinson, both of Columbia, Tenn., for plaintiff.

W. M. Fuqua and Lindsey M. Davis, both of Nashville, Tenn., and Thomas H. Peebles, of Columbia, Tenn., for defendant.

DARR, District Judge.

This case is before the court on a motion of the defendant for a directed verdict, or in the alternative, for a new trial.

The plaintiff was injured while riding as a guest in an automobile driven by Sam Lefwich, resulting from the Lefwich car

colliding with the rear end of the defendant's large passenger bus.

The collision occurred at a point on a main highway in Tennessee where the defendant had stopped its bus to allow a passenger to get off. While so standing the Lefwich car struck the left rear corner of the bus whereby the plaintiff was injured.

The defendant's bus had stopped in such position as to leave fourteen feet and three inches of the main traveled portion of the highway in the clear on the left side. The collision occurred at night and there was some eight or ten lights on the rear of the bus burning at the time. There was no other traffic on the highway. The bus was in plain view of anyone approaching from the rear for a distance of several hundred feet.

The negligence upon which the plaintiff recovered a verdict was predicated upon the violation by the defendant of a Tennessee statute. This statute provides that it is unlawful for any person to park or leave standing any vehicle, whether attended or unattended, upon any paved or traveled portion of a highway unless there is fifteen feet of the paved or main traveled portion of the highway clear for traffic on the left. Code of Tennessee, Section 2690.

The jury was charged that the stopping of the bus in the position it was, constituted a violation of this statute and the question for them to determine was whether this violation was the proximate cause of the plaintiff's injury. That is, if the Lefwich car struck the bus on the nine inches that stood unlawfully on the highway, then the violation of the statute was the proximate cause, but that if the Lefwich car struck the bus at any place other than the nine inches indicated, the violation of the statute was not the proximate cause. The jury found that the violation of the statute was the proximate cause of the injury and returned a verdict for the plaintiff.

It was insisted at the trial, and now insisted on the motion, that the stopping for the purpose of the unloading of a passenger was not a violation of the statute. The defendant says that this was a temporary stop for a necessary purpose and is not within the prohibitions of the statute. On this point, the defendant relies upon the cases of McAvon v. Brightmoor Transit Company, 245 Mich. 45, 222 N.W. 126; United Paper Corporation v. Lietz, 1929, 198 Wis. 278, 223 N.W. 843; Long v. Steffen, 194 Wis. 179, 215 N.W. 892, 61 A.L.R.

1155; Sahms v. Marcus, 239 Mich. 684, 214 N.W. 969; Geisen v. Luce, 1932, 185 Minn. 479, 242 N.W. 8.

On the other hand, as against the contention that the stopping of this bus did not violate the statute, the plaintiff cites the following authorities: 2 Blashfield, Cyclopedia of Automobile Law and Practice, Perm.Ed., §§ 1191, 1192, pp. 322, 323—326, 327; Fontaine v. Charas, Nov. 5, 1935, 87 N.H. 424, 181 A. 417; Capital Motor Lines v. Gillette, 235 Ala. 157, 177 So. 881, decided Nov. 26, 1937; Townsend v. Jaloff, 124 Or. 644, 264 P. 349, decided February 14, 1928; Ringwald v. Beene, 170 Tenn. 116, 92 S.W.2d 411.

These cases have been all carefully examined and there seems to be some difference of opinions in the various courts, although some apparent conflict arises by a difference in the wording of the statute and the circumstances of the particular case.

█ It is my judgment that the legislature of Tennessee had an intention to make stronger the statute by adding the words "leave standing". I think this was put in to carry the idea that not only was it prohibited to park a vehicle, which might mean for an appreciable length of time, but that stopping at all without leaving the required clearance would violate the statute. The word *leave* means "to put, place, deposit, deliver, or the like". The word *stand* means "to cease from movement or progress; to pause; stop; remain stationary or inactive".

█ Applying the meaning of these words, I think that if a vehicle is stopped at a point where the clearance is not left as provided by the statute, even though temporary, the statute is violated.

Under this construction it would not mean that in all conditions a person would not be excused from violating the letter of the statute. The violation of this statute would be excused for the same reasons as the violation of other statutes are excused—such as, an emergency, the working of undue hardship, the protection of life or limb, and the like.

It would be against the public weel to decide that passenger buses could stop on highways, not giving the clearance required by this statute, to take on and put off passengers, and not be held to violate the law. This statement is made with due regard to the convenience and comfort of the public who travel by bus and having in mind the

common law duties that would be required by bus operators.

Such stops are not temporary stops for necessary purposes. There is no reason why persons operating passenger buses can not have regular bus stops in the rural communities arranged for the convenience and comfort of their passengers and prospective passengers, at places where the highway would be left clear. This would be a contribution to insure the safety of the traveling public.

■ It results that my judgment is that the stopping of this bus to unload a passenger where there was not a clearance of fifteen feet to the left, was a violation of this Tennessee statute.

The next question for consideration is whether the violation of the statute was the proximate cause of the collision resulting in injury to the plaintiff, even though it be considered that the Lefwich car struck the bus on the nine inches that protruded into the fifteen feet required by statute.

The determining of a proximate cause many times becomes the most involved and profound question in the law. Much learning and time has been expended in an effort to find a definition for this almost mysterious proposition.

■ Proximate cause has been defined by many courts with many definitions. A practical construction placed upon the term by many courts is a cause from which a man of ordinary experience and sagacity could foresee that the result might probably ensue. A proximate cause is one where the effect was absolutely necessary. That is, given the cause, the resultant effect is a necessity. This is the difference in a proximate cause and a remote cause. The remote cause is one where the effect is uncertain, vague, or indeterminate. It is a cause where the effect does not necessarily follow. The proximate cause must be active, operating and carrying and containing within, the possibility and potentiality for harm.

One eminent authority has said to determine the question of proximate cause, it must be based "upon mixed considerations of logic, common sense, justice, policy, and precedent".

In this case, we have the bus stopped on the right side of the road, leaving an unobstructed clearance of fourteen feet and three inches, with a number of lights on the rear end publishing its position to all

persons approaching. Then came the driver of the Lefwich car bearing down on the bus despite ample room on the left to pass and striking the bus whereby the plaintiff was injured.

Having the situation thus in mind, it is to be remembered that the arbitrary terms of the statute are violated only when the vehicle is standing. If the vehicle is moving, no matter how slowly, the statute is not violated. Then would it be reasonable to say because the vehicle was standing, under these conditions, that the standing of the vehicle was the proximate cause of the collision? Would not the collision have occurred had the vehicle been moving slowly?

If this be the situation, then the standing of the vehicle was not a necessary cause of the collision, and would be a remote cause, the proximate cause being the negligence of the driver of the Lefwich car running into the rear end of the plainly lighted bus with ample room to pass on the left.

Assuming that the driver of the bus had been injured and had brought an action against Lefwich for damages, it would seem that there could be a recovery under the doctrine of the last clear chance or discovered peril. There appears to be no reason why Lefwich could not have seen this bus in ample time to avoid striking it and passing to the left where there was full room. He could have done this if he had exercised ordinary care, notwithstanding the bus driver had violated the statute. The reason why there could be a recovery is that the negligence of the bus driver in placing the bus in violation of the statute would be such negligence as does not in a legal sense contribute to injury, being a remote, and not a proximate cause.

Conversely, when there is a suit for the negligence of the bus driver in so placing his vehicle as to violate the statute, for the same reason as outlined above, the negligence would not be actionable because it did not contribute to the injury in a legal sense, being a remote, and not a proximate, cause.

There is ample authority for a distinction between a situation that might be a proximate cause and one which is merely a condition. 4 Blashfield's Cyclopedia of Automobile Law and Practice, Perm.Ed., § 2535; Taylor v. Taylor, 14 Tenn.App. 101; Geisen v. Luce, 1932, 185 Minn. 479, 242 N. W. 8.

My impression is that justice is not reached by allowing a recovery under the circumstances of this case. My opinion is that the situation of the bus at the time of the collision was not a proximate cause of the plaintiff's injuries, but that the sole proximate cause of the injury was the manner in which Lefwich operated his car under the circumstances and conditions existing at the time.

The motion to direct a verdict is sustained, and I now direct a verdict in favor of the defendant.

Order accordingly.