Gast and another, Respondents, vs. Dallmann and another, Appellants.   [Two cases.]

*February 12—March 10, 1942.*

For the appellants there was a brief by *Wallrich & Aschenbrener* of Shawano, and oral argument by *E. L. Aschenbrener*.

For the respondents there was a brief by *Fischer, Brunner & Strossenreuther* of Shawano, and oral argument by *L. J. Brunner*.

FOWLER, J. The opinion covers two separate actions brought by Henrietta Gast and Marcella Muskavitch against Doris Dallmann, the American Automobile Insurance Company, and Delbert Burmeister to recover for personal injuries sustained when an automobile in which the plaintiffs were sitting was struck by Burmeister. The complaints charge the drivers of both automobiles with negligence that caused their injuries.

The two plaintiffs were guests sitting in the back seat of an automobile driven by Doris Dallmann which was covered by an indemnity policy issued by the defendant American Automobile Insurance Company. There were three other guests in the car. The car stopped on the right side of the road next the driveway into the Raddant farmhouse to allow two of the guests, Ila and Ruth Raddant, to alight. While so stopped the defendant Burmeister ran into the back end of the car injuring both of the plaintiffs. The case was tried to a jury who found Burmeister causally negligent and these findings and the judgments as against him are not in controversy. The court found Miss Dallmann negligent as matter of law for stopping the car on the traveled part of the road and the jury found that her so stopping was causal. Judgment went for the plaintiffs against both drivers and the insurer of the Dallmann car. Miss Dallmann and the insurer appeal, assign-

ing as error the denial of their motion for a directed verdict because Miss Dallmann was as matter of law not negligent for stopping the car on the roadway.

The car the plaintiffs were in was traveling north. The road was surfaced with black-top for a width of thirty-two and one-half feet where the car stopped and there were four-foot shoulders on each side. The car was stopped on the east half of the road, with its right wheels close to the edge of the black-top. The Raddant farmhouse is on the east side of the road, and the driveway leads off from the road south of east. It is one hundred feet between the two edges of the driveway where they reach the outer line of the east shoulder of the road, and the edges of the driveway made rounding turns to points fifty feet east of the shoulders of the road where the driveway is about twenty feet wide. The mouth of the driveway is practically level and graveled. There was at least twenty-five feet of black-top for use of passing cars at the left of the car as it stood after stopping, and the view was unobstructed for eight hundred feet one way and nine hundred feet the other. As the girls were getting out of the car the dome light and head and rear lights were all lit. The Raddant girl in the back seat got out at the right and passed in front of the two plaintiffs in alighting. Both guests in the front seat also got out of the car on the right as the car had only two doors and the right half of the front seat had to be turned forward to let a person in the back seat out. A sister of the plaintiff Marcella on the front seat had dropped a key and found it while the Raddant girl in the back seat was alighting. It took half a minute for the girl to find her key, and the car was hit by Burmeister not to exceed two minutes after it stopped. The collision occurred after 1 o'clock a. m. The road was dry and visibility good. The Raddant girls had taken only a few steps from the car, and Miss Dallmann was ready to start her car when the crash occurred.

The respondents claim that the car was stopped and stood on the highway contrary to sec. 85.19 (1), Stats., which reads as follows:

"No person shall park, stop, or leave standing any vehicle, whether attended or unattended, upon any highway outside a business or residence district when it is practical to park, stop or leave such vehicle standing off the roadway of such highway, provided that in no event shall any person park, stop or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of no less than fifteen feet upon the roadway of such highway opposite such standing vehicle shall be left for the free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of two hundred feet in each direction along such highway."

There was no violation of the statute because of insufficient space to the left of the car or because of obstructed view, but it was "practical" to drive the car entirely off the black-top and stop it at the mouth of the driveway parallel with the road. Respondents contend that this justifies the court's holding as matter of law that the statute was violated, and as strengthening this conclusion urge that the stopping of the car was in violation of par. (f) sub. (3) of sec. 85.19, Stats., which prohibits stopping a car upon any portion of a hill outside of a business or residence district. The appellants contend that sec. 85.10 (30), which defines "parking" as "the stopping or standing of a vehicle, whether occupied or not, upon a highway otherwise than (a) temporarily for the purpose of and while actually engaged in loading or unloading, (b) when making necessary repairs, or (c) in obedience to traffic regulations," renders stopping the car where it was lawful because it was stopped for the purpose of "unloading" the Raddant girls.

That sec. 85.19 (1), Stats., does not apply to every case of stopping on a highway is manifest. Plainly, if a car is stopped on direction of a traffic officer, there would be no viola-

tion. So if it were stopped while making necessary repairs. *Kastler v. Tures,* 191 Wis. 120, 210 N. W. 415; *United Paper Corp. v. Lietz,* 198 Wis. 278, 223 N. W. 843; *Delfosse v. New Franken Oil Co.* 201 Wis. 401, 230 N. W. 31; *Walker v. Kroger Grocery & Baking Co.* 214 Wis. 519, 527, 252 N. W. 721. Obviously a milk truck may lawfully stop on the highway for the purpose of taking on milk or delivering empty cans, or a rural mail carrier for the purpose of delivering mail. In *Swenson v. Van Harpen,* 230 Wis. 474, 480, 283 N. W. 309, it is held that the provision of sec. 85.10 (30), relative to "loading and unloading," must be given a reasonable construction, and that stopping a school bus four minutes waiting for school children to enter it even though they were not actually entering was lawful, although the bus encroached on the traveled part of the highway. We consider that the stopping of the instant car was for the purpose of "unloading" the Raddant girls, and that the time the car stood on the road must as matter of law be held reasonable for that purpose under the circumstances. In this view Miss Dallmann did not unlawfully stop her car, there was no negligence on her part, and the defendants' motion for a directed verdict should have been granted.

Other matters are discussed in the briefs, but in view of the above there is no need to mention them. No unlawful parking or stopping by Miss Dallmann being established, there can be no recovery against her or the defendant insurance company.

*By the Court.*—The judgments of the circuit court are reversed, and the record is remanded with directions to enter judgments dismissing the complaints as to the appellants with costs against the plaintiffs.