### B. W. MORRIS, Appellant, *v.* B. S. PERKINS, Respondent.

JURY—ABSENCE OF TESTIMONY.—It is error to submit a question of fact to the jury in the absence of any evidence tending to establish such fact.

APPEAL from Multnomah County.

The facts are stated in the opinion of the court.

*Catlin & Killen, and W. H. Effinger,* for appellant.

*W. W. Page, W. W. Thayer and G. W. Yocum,* for respondent.

By the Court, PRIM, C. J.:

This was an action in which appellant sought to obtain a judgment upon two promissory notes made by respondent as surety, and H. Boyd as principal, for the sum of four thousand dollars.

Respondent for answer to the complaint of appellant, alleges that on the second day of February, 1876, said Boyd requested respondent to become his surety on the notes in question, representing to respondent that he wished to raise said sum of money by loan to use in his business as a broker, and that respondent, for the purpose of aiding said Boyd to raise said sum of money, signed the notes in question in blank as to date and name of payee, as accommodation maker. Said notes were then delivered by respondent to said Boyd, who agreed to fill up the blanks as of the proper date, and insert the name of the person or payee of whom he should borrow the money. And respondent alleges that said Boyd wrongfully and fraudulently filled up the blank as to the date and inserted the names of B. W. Morris as payee, and erased from said note the words after maturity and inserted in lieu thereof the words "from date." That said alterations were made after said notes were signed by respondent and before they were delivered to said appellant. That no consideration passed from said appellant to said Boyd. That said appellant had due notice of all such matters and things. And that all of said alterations and changes were made without the consent or knowledge of respondent.

The evidence given at the trial tended to show that the notes were made and signed within the months of January and February, 1876. That Boyd was principal and Perkins surety. That at the time the notes were signed no payer was inserted, and the dates were left blank. That these blanks were filled up by Boyd before delivery to appellant. That there was no actual delivery to appellant until about the middle of March, 1876, prior to which time Boyd had become a bankrupt, but that prior to said bankruptcy, in the early part of February of said year, Boyd had placed said notes in a pigeon-hole of his safe, wherein he kept the

papers of said appellant apart from his own, said pigeon-hole being reserved by said Boyd as a safe deposit for the papers of said Morris. That at the time the said notes were made, the said Boyd represented to said Perkins (and thereby procured his signature), that he desired to raise money upon the same, and that he intended to negotiate the same, and that thereupon said Perkins left the notes so signed in blank in the possession of said Boyd. That said Boyd had for some years prior to the making of said notes, been the agent of appellant, Morris, for the loan of money; that he had had in his possession four thousand dollars which he had so loaned. That several times he, Boyd, had changed the form of the instrument and had kept the interest paid up to said appellant, who was himself ignorant of the particular form of investment. That on these three notes the interest was paid, on the first one to the tenth day of January, 1876, and on the second one to the fifteenth day of November, 1875. That said Boyd had told appellant sometime in the month of January, 1876, that he would either pay him the four thousand dollars in money, or would give him the indorsement of respondent for the same. That appellant was under the impression that the sums of two thousand dollars each were invested upon mortgage security, and that he so thought until the actual delivery to him of said notes. That they were sent to appellant, at his residence, inclosed in an envelope, by a messenger deputed by Boyd for that purpose. That appellant had received no other consideration or satisfaction whatever for the said sum of four thousand dollars so left by him with Boyd for investment. That said Boyd, in delivering said notes to appellant, designed and proposed to pay off and discharge thereby his said indebtedness to appellant, and that no part of said notes had been paid, except the interest as aforesaid. This was the evidence, and the whole thereof appertaining to the question of the agency of said Boyd, either as to Morris or Perkins, to the making of the said notes, and to the delivery thereof.

. The court then charged the jury as follows: "Upon the misappropriation of the notes it will be necessary to con-

sider the relation which Boyd sustained in this transaction to Morris. It is claimed that Boyd in these matters with Perkins was Morris's agent. Whether he was or not, I submit as a question of fact for you to find. In this case, if Boyd was agent for the appellant in procuring the signature of respondent to these notes, the appellant is chargeable with the knowledge which Boyd had of all the matters here alleged and proven as matters of defense, whether he actually knew of them or not."

It will be seen that the court submitted to the jury the question of fact as to whether Boyd was the agent of appellant in procuring the signature of respondent to the notes in question. This the appellant claims was error on the ground that there was no evidence submitted at the trial tending to show that fact. We have examined the evidence recited in the bill of exceptions very carefully with a view to ascertain whether there was any such evidence submitted to the jury on said trial, and we find it contains no such evidence, consequently we think it was error in the court to submit that question to the jury.

We cannot presume that there was other evidence before the jury on that question, for the reason that it is stated that the bill of exceptions contains the whole of the evidence appertaining to the question of the agency of Boyd, either as to Morris or Perkins in the making of said notes. Having come to the conclusion that the court below erred in submitting this question of fact to the jury in the absence of any evidence on that question, the judgment must be reversed and remanded to the court below for a new trial.

Judgment reversed.