MACHAE, Appellant, vs. FELLENZ COAL & DOCK COMPANY,
Respondent.

*January 18—February 12, 1924.*

*Master and servant: Stevedore contractor: Injury to employee: Lia-
bility of dock company: Workmen's compensation.*

1. A stevedore contractor, who in performing work for a dock
   company employed his own men and discharged them at will
   and was paid the contract price in a lump sum and in turn
   paid his own men, is an independent contractor, to whose
   employee the dock company was not liable for injuries.  p. 46.
2. Although an injured employee of an independent contractor,
   if under the workmen's compensation act, may recover com-
   pensation from the contractor's employer if damages cannot
   be collected of the contractor, a stevedore is not subject to
   such act.  p. 46.

APPEAL from a judgment of the circuit court for Mil-
waukee county: E. W. CROSBY, Judge.  *Affirmed.*

Action to recover damages for personal injuries. Plaint-
iff was a stevedore.  At the time of the accident he was
working in the hold of a vessel moored to defendant's coal
dock, assisting in unloading a cargo of coal.  The coal was
removed from the hold of the vessel by means of a hoist
and bucket.  Through the negligence of the hoist operator
the bucket was prematurely dumped, the contents thereof
falling back into the hold of the vessel inflicting serious in-
jury upon the plaintiff.

The case was tried before a jury.  A special verdict was
returned by which it was found that plaintiff was an em-
ployee of defendant; that the man who operated the hoist
was guilty of a want of ordinary care; and that such negli-
gence was a proximate cause of plaintiff's injuries.  Upon
this verdict the court rendered judgment in favor of the
defendant, from which judgment the plaintiff appealed.

For the appellant there was a brief by *Cannon, Bancroft
& Waldron* of Milwaukee, and oral argument by *L. H.
Bancroft.*

For the respondent there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Quarles, Spence & Quarles,* of counsel, and oral argument by *Charles B. Quarles* and *Arthur B. Doe,* all of Milwaukee.

OWEN, J.   While the trial judge was of opinion that there was sufficient evidence to sustain the finding of the jury that plaintiff was an employee of the defendant, he declined to render judgment in favor of the plaintiff because, if so, both employer and employee were under the workmen's compensation act, and defendant's liability was for compensation, and not damages in a common-law action; that in order to avoid this consequence it must appear that the act of negligence constituted a maritime tort; that in such case the man operating the hoist and plaintiff were fellow-servants; that the plaintiff's injury was caused solely by the negligence of the fellow-servant, and in an action for a maritime tort the fellow-servant defense applies, and the plaintiff could not recover under such a view of the case. Without casting doubt upon the reasoning of the trial judge, we prefer to dispose of the case upon a different theory. While the jury found that the plaintiff was an employee of the defendant, and the trial judge expressed the opinion that this finding was sufficiently supported by the evidence, we are compelled to a different view.

It appears that one P. J. Hannan, a stevedore contractor, was employed by the defendant to unload the coal from the vessel.   He was paid so much a ton for unloading the coal. He employed his own men and discharged them at will. The defendant had no knowledge of the men engaged in unloading the coal and their names did not appear upon the company's payroll.   When the coal was unloaded the defendant gave Hannan a check for the amount due, computed by the number of tons at the agreed price per ton. This check Hannan deposited in the bank to his own account and paid the men with his own checks.   While Hannan testi-

fied that he was acting as the company's agent in employing these men, every fact and circumstance in the case contradicts such a conclusion. He was nothing more nor less than the well known stevedore contractor. It seems unnecessary for us to set out the evidence in detail. Our conclusion is based upon the main facts that Hannan was employed by the defendant to unload the coal at so much per ton; that he did it in his own way; that the defendant reserved no right to control or direct his methods; that he hired and discharged his own men; that the defendant paid him the contract price in a lump sum and that he in turn paid his own men. This constituted Hannan an independent contractor. *Madix v. Hochgreve B. Co.* 154 Wis. 448, 143 N. W. 189; *Weyauwega v. Industrial Comm.* 180 Wis. 168, 192 N. W. 452. Neither the plaintiff nor the hoist operator was an employee of the defendant. They were both employed by Hannan. There is no theory upon which the defendant can be held responsible for plaintiff's injuries. It is true that if the plaintiff were under the workmen's compensation act the defendant would be liable for compensation if the same could not be collected of Hannan. But it is well settled that a stevedore is not subject to the workmen's compensation act. *Neff v. Industrial Comm.* 166 Wis. 126, 164 N. W. 845; *Southern Pacific Co. v. Jensen,* 244 U. S. 205, 37 Sup. Ct. 524; *Knickerbocker Ice Co. v. Stewart,* 253 U. S. 149, 40 Sup. Ct. 438. It follows that the judgment must be affirmed.

*By the Court.*—So ordered.