MENGE, Appellant, vs. MANTHEY and another, Respondents.

*November 6, 1929—February 4, 1930.*

For the appellant there was a brief by *Lehner & Lehner* of Princeton, and oral argument by *Philip Lehner*.

For the respondents there was a brief by *Quarles, Spence & Quarles*, attorneys, and *Kenneth P. Grubb*, of counsel, all of Milwaukee, and oral argument by *Mr. Grubb*.

The following opinion was filed December 3, 1929:

FRITZ, J. The crucial facts are not in dispute. Defendant Manthey's automobile was wrecked on a dark night in about the middle of a public, country highway, by colliding with an automobile driven by one Stickler. Manthey's car was disabled so that it could not be moved on its wheels, and its headlights could not function. At the place of collision the traveled portion of the highway was about seventeen feet wide, and there was enough room on both sides of Manthey's automobile for others to pass. Manthey immediately rode in a passing automobile to the nearest village, about three miles away, and there promptly arranged with E. H. Priebe, who conducted a service garage and had the necessary facilities for towing a wrecked automobile, to remove Manthey's automobile immediately to Priebe's garage. Meanwhile, Stickler went to plaintiff's home, near the place of collision, and had plaintiff telephone to Priebe about the wreck. Priebe then told plaintiff that he would send his wrecking automobile in charge of plaintiff's brother, Louis Menge, and requested plaintiff to assist him. Plaintiff arrived at the wreck fifteen minutes before Manthey returned on Priebe's wrecker, in charge of Louis Menge,

who had picked up Paul Kelm to also assist. Another neighbor, Zacharias, had come with a lantern, which plaintiff used to flag down passing automobiles until the wrecker arrived, when he gave the lantern to his son, Frank Menge, with directions as to where he should stand to flag passing automobiles. Louis Menge backed up the wrecker in front of Manthey's automobile, with the wrecker's headlights, which were lit, facing westward. Louis Menge took charge of the work, and plaintiff and Kelm received orders from Louis Menge, and nobody else. He told plaintiff to get underneath Manthey's automobile and fasten a chain from the wrecker onto a spring of Manthey's automobile. Plaintiff attached the chain, and Louis Menge then wound it up and raised the front of Manthey's automobile off the ground. Meanwhile, at the suggestion of Zacharias, plaintiff's son had gone with the lantern ahead of the wrecker's headlights to flag an automobile driven by Jos. Kurkowski, who was approaching from the west. Kurkowski saw the wrecker's headlights when several blocks away, but, without slacking his speed, drove past the front of the wrecker and then turned in toward it, and struck either its front or rear fender. Next he struck the axle of Manthey's automobile, so that the latter dropped down onto plaintiff and seriously injured him.

When Manthey returned with the wrecker he stood off to the rear of his automobile, and did not give any orders or directions to any one.

At the conclusion of the trial the jury returned a special verdict, but on motions after verdict the trial court concluded that from the time that Priebe's men began the work incidental to such removal Priebe was in possession of Manthey's automobile as bailee and independent contractor, and as such was the responsible party for negligence in the work of removal. Accordingly, notwithstanding the verdict, judgment was ordered dismissing the complaint on the merits.

When Manthey's automobile, on a dark night, became disabled on the public highway so that he could not remove it, and its headlights would not function, it became his duty to exercise reasonable diligence promptly to provide an adequate light to apprise travelers of the presence of the wreck, and also promptly to procure efficient means for the removal thereof with reasonable diligence. He could not relieve himself from liability for failure to properly perform those duties by delegating the performance thereof to another. It happened that Zacharias voluntarily provided an adequate light, which obviated the necessity for further performance in that respect by Manthey, prior to the arrival of the wrecker. On the other hand, in view of the promptness with which Manthey arranged with Priebe for the immediate removal of the wreck by Priebe, with his crew and mechanical facilities, which were adequate and efficient, and the dispatch with which, at Manthey's instigation, Priebe's wrecker arrived at the wreck, there was no failure in the performance of Manthey's duties in relation to the wreck up to the time of the arrival of Priebe's wrecker.

While Manthey was thus proceeding diligently and efficiently to procure the removal of the wreck, its presence on the highway was not unlawful. The inhibition of sec. 85.02, Stats., prohibiting the parking or leaving of any vehicle on a public highway so as to interfere with the free passage of other vehicles, does not apply, under the facts in this case, because that statute, by an express exception, is not applicable "when making absolutely necessary repairs," and is only violated by a voluntary parking or leaving which is not compulsory because of an accident or emergency. *Kastler v. Tures,* 191 Wis. 120, 124, 210 N. W. 415. The requirement that there shall be left a free passage of at least eighteen feet, so that vehicles going in opposite directions may pass without interference from any standing vehicle, is not applicable to an automobile

which is temporarily out of commission because of some break or defect and upon which absolutely necessary repairs are being made. *Long v. Steffen,* 194 Wis. 179, 182, 215 N. W. 892. The presence of Manthey's automobile on the highway, while about to be promptly towed in for absolutely necessary repairs for breaks because of which it was out of commission, was within the intent and scope of those exceptions to sec. 85.02, Stats. Likewise, until his automobile became wrecked, its presence on the highway was in the exercise of Manthey's right, as one of the public, to use the highway for passage in such a vehicle. In that respect, while he was operating it, and also while he was diligently proceeding to effect its removal, its presence on the highway differed from defects, objects, or obstructions, the placing or leaving of which on the highway is foreign to the public easement of passage thereon.

When, on the arrival of Priebe's wrecker, Louis Menge took full charge of the removal of the wreck, and, pursuant to his directions, plaintiff attached the wrecker's chain to Manthey's automobile, the possession thereof was in Priebe as a bailee for hire; and Manthey, as the bailor, was not liable for any negligence of Priebe's employees while he was in possession and control of Manthey's automobile as such bailee. *Whalen v. Sheehan,* 237 Mass. 112, 129 N. E. 379; *Calumet Auto Co. v. Diny,* 190 Wis. 84, 208 N. W. 927. And that is true although the bailor, Manthey, was present at the time of the bailee's negligence. *Smalley v. Simkins,* 194 Wis. 12, 215 N. W. 450.

As Priebe was furnishing and using his own apparatus, and proceeding according to his own methods, with a crew which he provided, without any attempt on Manthey's part to exercise any control or give any direction in relation to the removal of the wreck, Priebe was an independent contractor in effecting such removal. *Madix v. Hochgreve B. Co.* 154 Wis. 448, 143 N. W. 189; *Weyauwega v. Industrial Comm.* 180 Wis. 168, 192 N. W. 452; *Machae v.*

*Fellenz Coal & Dock Co.* 183 Wis. 44, 197 N. W. 198; *Kolb v. Hayes,* 194 Wis. 40, 215 N. W. 578. Again, the fact that Manthey was present while Priebe's crew was performing his work as an independent contractor did not render Manthey liable for the negligence of Priebe or of his employees. *Kolb v. Hayes,* 194 Wis. 40, 215 N. W. 578; *Ouellette v. Superior M. & M. Works,* 157 Wis. 531, 147 N. W. 1014. Likewise, as Manthey was not in the present possession or control of the place of plaintiff's employment, under an independent contractor, Manthey was not responsible for the reasonable safety of that place. *Freimann v. Cumming,* 185 Wis. 88, 91, 200 N. W. 662.

The rule that when the doing of work in the ordinary mode necessarily or naturally results in producing a defect or nuisance which causes injury to others, a proprietor cannot relieve himself entirely from liability by delegating the performance of such work to an independent contractor, is not applicable under the facts in this case. The removal of a wrecked automobile in the usual and customary manner, by towing it in back of a wrecking car which has properly functioning headlights, is not necessarily or inherently dangerous. Hence, the performance thereof in such usual and customary manner could be delegated by Manthey to Priebe as an independent contractor, and Manthey thereby became absolved from liability for any negligence in connection with Manthey's automobile, after Priebe was in possession and control thereof. *Kolb v. Hayes,* 194 Wis. 40, 47, 215 N. W. 578.

For the reasons stated, Manthey is not liable for the unfortunate injuries sustained by plaintiff. The judgment must be affirmed.

*By the Court.*—Judgment affirmed.

FOWLER, J., took no part.

A motion for a rehearing was denied, with $25 costs, on February 4, 1930.