NESTLE'S FOOD COMPANY and another, Plaintiffs and Respondents, vs. INDUSTRIAL COMMISSION OF WISCONSIN, Defendant, SCHROEDER, Defendant and Appellant.

*May 14—October 13, 1931.*

468

For the appellant there were briefs by *Hill & Miller* of Baraboo, and oral argument by *James H. Hill.*

For the respondents there were briefs by *Otjen & Otjen* of Milwaukee, and oral argument by *C. J. Otjen.*

For the defendant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan* and *Herbert H. Naujoks,* assistant attorneys general.

The following opinion was filed June 12, 1931:

FAIRCHILD, J. There are certain characteristics of the relation of an independent contractor and principal that may be found in the relation which exists between employer and employee. In such instances under the workmen's compensation law the writings attempting to define the status of the parties and all the surrounding circumstances must be treated together in order to determine the exact relation which has resulted from the dealings between the parties. *Kneeland-McLurg L. Co. v. Industrial Comm.* 196 Wis. 402, 220 N. W. 199. The amount involved or the length of time required to complete the contract or render the service is not necessarily a determining factor. When one has a continuing task the performance of which is necessary to the successful operation of his business, it being one usually attended to by an employee, if the one engaged to do it performs this task in the usual manner of one so employed, a relationship of employer and employee results which cannot be changed into that of contractor and principal by the mere use of words in a written instrument. The writing is important evidence but not controlling. The writing in this case contains phrases calculated apparently to characterize Schroeder as an independent contractor, but it also contains words which warrant the inference that the right of control over the task which Schroeder was engaged to perform remained in the respondent. The course of conduct followed by the parties in the development of the situation points very readily toward the relation of employer and employee. The agreement contains recitals which the evidence shows to be an artificial or inaccurate statement of certain circumstances; for instance, there is this sentence: "For

convenience, the producers have agreed with me that my haulage may be deducted by you from the monthly sums due the producers. . . ." As will be seen from a study of the facts the respondent bought this milk from the farmers of the surrounding country and arranged for the payment therefor to them, providing for a reduction in case the company had to take care of the delivery. A farmer might deliver his own milk and receive a larger payment, but if he chose not to deliver, the company was at liberty to use the twenty cents per cwt. in procuring the delivery of the milk. The respondent in securing the milk from the farmers met a condition which resulted from the farmers refusing to deliver the milk themselves and adopted a method quite naturally suggested by the situation, resulting in the company's procuring haulers for the milk. Under this plan the hauler drew the milk of an indicated group. He was selected by the company for the purpose of making the collections in a particular territory and he was paid for this service by the company. Under the arrangement the company never surrendered any of its right to control the essential and important things in which it was interested, to wit, prompt and proper delivery of the milk, and it provided a reasonable method of terminating the relationship should the hauler prove unsatisfactory.

Counsel for respondent place some stress upon the fact that the writing contains these words: "I am free to select the means of effecting such deliveries and may select any employee or employees I choose to perform the work." Our workmen's compensation act defines an employee as "Every person in the service of another under any contract of hire, . . . helpers and assistants of employees, whether paid by the employers or employee." Sec. 102.07 (4). The writing also contains the words, "provided no person is employed by me contrary to the laws of the state of Wisconsin." The language there used suggests somewhat the terms of a con-

tract considered in the case of *Mallinger v. Webster City Oil Co.* (Iowa) 228 N. W. 41, where it was said:

"It is also significant that the contract contained the provision that no gasoline should be placed by Mallinger in any container of any description that was not painted red. This was a requirement of the law of this state, and it is strange that such a provision should be written in the contract by the appellee company. One of the tests in determining who is 'master' is whether such person would be liable to third parties for the misconduct or torts of an alleged 'servant.' *Holbrook v. Hotel Co.* 200 Mich. 597, 166 N. W. 876, 878. The fact that appellee company saw fit to write the specific order regarding the placing of gasoline in red-painted receptacles makes it appear that the oil company had in mind its liability for the acts of Mallinger. Had he been an independent contractor, the company would not have been solicitous in this matter."

The nature of the transaction, the methods pursued, and the general understanding of the parties in their dealings with each other point toward an ordinary employment by the respondent of one who with his own equipment was to deliver milk which the respondent had purchased and which it could not get without this employment. The fact that they agreed to pay the hauler twenty cents per cwt. and guaranteed him a certain minimum in each load does not alter the situation. He was required to make the deliveries promptly and according to the wishes of the company. An independent contractor has been defined as "one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to control of his employer, except as to the result of his work." *Madix v. Hochgreve B. Co.* 154 Wis. 448, 143 N. W. 189. Also, "one who, as an independent business, undertakes to do specific jobs of work, without submitting himself to control as to the petty details, is an independent contractor." *Carlson v. Stocking*, 91 Wis. 432, 65 N. W. 58.

In *Farmer v. St. Croix P. Co.* 117 Wis. 76, 93 N. W. 830, Mr. Justice MARSHALL discussed the proposition and concluded that one who took some distinct part of the work in such a way that he did not contemplate doing merely personal service would be an independent contractor. But in the matter before us the evidence of the agents of the respondent, and the writing itself, shows that Schroeder, while having the utmost freedom consistent with the position he was filling, was subject to the control of the Nestle's Food Company in the details of his job. He was to make prompt and proper deliveries. The details were not many nor was there much opportunity for confusion, but such as they were under the arrangement between Schroeder and the respondent they were under its absolute control, and in these particulars this case is distinguished from the cases of *Weyauwega v. Industrial Comm.* 180 Wis. 168, 192 N. W. 452; *Machae v. Fellenz C. & D. Co.* 183 Wis. 44, 197 N. W. 198, and similar cases relied upon by respondent.

Schroeder had been in the employ of the company some days before the agreement which was offered in evidence was signed. The relationship which was created at the beginning of the employment was not affected by the writing so as to destroy the relationship of employer and employee. His status under the law being that of employee, the appellant is entitled to recover the amount awarded by the Industrial Commission, and the judgment of the trial court must be reversed.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment confirming the award of the Industrial Commission.

A motion for a rehearing was denied, with $25 costs, on October 13, 1931.