WOODSIDE SCHOOL DISTRICT No. 8, Town of Brookfield, Waukesha, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*October 16—November 10, 1942.*

The cause was submitted for the appellant on the brief of *J. Elmer Lehr,* attorney, and *William Kay* of counsel, both of Milwaukee, and for the respondent Industrial Commission on the brief of the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and for the respondent Ray McCartan on the brief of *Jacobson, Malone & Hippenmeyer* of Waukesha.

MARTIN, J. The facts are not in dispute. They are as follows: The respondent McCartan was employed by the appellant school district as janitor for the school year 1939–1940. His duties were to build fires, sweep, and wash the floors. At times his children helped perform the services. It was only a part-time job, for which he was paid $33 per month. On April 1, 1940, while tending the furnace something flew out of the furnace and struck him in the right eye. He received medical attention the next day. A hypopyon ulcer developed and enucleation became advisable and was performed on May 9, 1940. The commission found that McCartan was an employee and awarded compensation.

Appellant contends that McCartan was an independent contractor. In that connection it is argued that prior to the annual school district meeting of 1939, the school district advertised for bids for janitor services, in response to which McCartan submitted his bid at $33 per month for the school year of 1939–1940. It is argued that at no time were his hours, time, or conduct supervised or directed by the school board. This

argument is fully answered by McCartan's testimony as to what occurred the day he was injured. He testified:

"On April 1, 1940, the fire had went out at noon and the pipe busted in the furnace and the children came home at noon and told me there was no fire and water was running over the furnace room so I went down there and before I done anything I went down to see Mr. Ferrick, who is on the school board, and he told me to go back up and build the fire. If he had time he would go with me, but he said he had to go to town in a short time and I should go back. I just had the fire built when the plumber came."

McCartan was asked:

"*Q.* Mr. McCartan, you say you went to see Mr. Ferrick the morning you were hurt. Did he give you any tools of any kind? *A.* Yes; he did. He gave me two pipe wrenches.
"*Q.* For what purpose? *A.* He said if the plumber didn't get back if I couldn't stop the water, if I could disconnect the pipe in the furnace that I could get water for the children to drink and make a fire. That was in the afternoon about one o'clock. I judge a quarter to one he gave me them tools."

Here we have undisputed evidence that the school district, through a member of the school board, exercised control over the details of McCartan's work as janitor. His hours of work were fixed in that sweeping and washing the floors were done after school hours. He had to tend the furnace whenever it required attention. The principal test for determining whether McCartan was an employee or an independent contractor is the right of the school board to control the details of his work. *Montello Granite Co. v. Industrial Comm.* 227 Wis. 170, 183, 278 N. W. 391; *Employers Mut. L. Ins. Co. v. Industrial Comm.* 230 Wis. 670, 676, 284 N. W. 548; *Huebner v. Industrial Comm.* 234 Wis. 239, 246, 290 N. W. 145. In *Employers Mut. L. Ins. Co. v. Industrial Comm., supra,* it is said:

"It is quite immaterial whether the right to control is exercised by the master so long as he has the right to exercise such control."

In *Montello Granite Co. v. Industrial Comm., supra,* it is said:

"When a person is injured while performing services for another, a presumption arises in favor of the injured person that he is an employee of the person for whom the service is being performed, and not an independent contractor. That rule casts the burden upon him who seeks to defeat compensation." Citing cases.

In *Nestle's Food Co. v. Industrial Comm.* 205 Wis. 467, 470, 237 N. W. 117, the court said:

"When one has a continuing task the performance of which is necessary to the successful operation of his business, it being one usually attended to by an employee, if the one engaged to do it performs this task in the usual manner of one so employed, a relationship of employer and employee results which cannot be changed into that of contractor and principal by the mere use of words in a written instrument. The writing is important evidence but not controlling."

There is credible evidence to sustain the finding that McCartan was an employee. This being so, the finding is conclusive. *Huebner v. Industrial Comm., supra.* The commission found not only that McCartan was an employee under a contract of hire and subject to the direction and control of his employer as to the details of his work, but also found that he did not maintain a separate business, did not hold himself out to and render service to the public, was not himself an employer subject to the compensation act, and had not taken out workmen's compensation insurance. Those findings would, under the provisions of sec. 102.07 (8), Stats. 1939, make him an employee under the compensation law even though he might for all other purposes be considered an independent contractor. Said section provides:

"Every independent contractor who does not maintain a separate business and who does not hold himself out to and render service to the public, provided he is not himself an employer subject to this chapter or has not complied with the conditions of subsection (2) of section 102.28, shall for the purpose of this chapter be an employee of any employer under this chapter for whom he is performing service in the course of the trade, business, profession or occupation of such employer at the time of the injury."

There is no claim or evidence that McCartan maintained a separate janitor business or that he had held himself out to the public to render janitor service or that he rendered janitor service to the public in general. His work as janitor of the school district was a part-time job. He was free to do any type of work he saw fit to do during his free time. There is credible evidence to sustain the finding that on April 1, 1940, while performing services growing out of and incidental to his employment he suffered accidental injury to his right eye. He testified:

"After everything was finished [leaking pipe repaired and fire started] when I went to put some more coal on the stove [furnace] I opened the door of the furnace and something went in my eye. What it was I didn't know, but it hurt me bad at the time and after that it felt scratchy, but I thought it was something just went in and was scratching the eyeball and—

"Q. What did you do after that? A. Well, after while I went home and it felt scratchy and I thought it had been scratched or a little dirt in it or something and I didn't do nothing until that evening between six and seven. . . . I opened the furnace door to put coal on and the object hit me in the eye."

The fact that McCartan's children at times helped to fire and sweep and wash the floors, and that they continued to do the work after their father was injured, is of no particular significance. Such services did not make the father an inde-

pendent contractor. They were merely giving him some gratuitous assistance. See *Northern Hotel Co. v. Industrial Comm.* 223 Wis. 297, 307, 308, 270 N. W. 66.

Appellant makes the further contention that the Industrial Commission did not permit it a full and complete hearing. The record shows the following proceedings: First hearing held on July 11, 1940. At this hearing the testimony of Mr. McCartan, Dr. W. H. Oatway, and Roland Schmidt was taken. Schmidt was the clerk of the school district. He testified he had been subpœnaed, was appearing in behalf of the school board, and had authority to make the admission that McCartan's accident had occurred as alleged in his application for compensation. At a later hearing Schmidt stated that he did not have authority to speak for the school board. He admitted he had received a copy of the application for adjustment of the claim and received notice of the hearing; also testified he had discussed the matter with the other members of the school board. Alexander Ferrick, director of the school board, testified he had received official notice of the July hearing and had discussed the matter before that time. The Industrial Commission's examiner entered an award of compensation on July 24, 1940. The school district then applied to the commission for a review of the order and findings of the examiner.

On August 30, 1940, the commission set aside the examiner's order and ordered a further hearing. The second hearing was held on October 31, 1940. At this hearing McCartan testified and was cross-examined at length. Several other witnesses, including three doctors, testified in behalf of the applicant and were cross-examined at length. After this second hearing the school district's attorney sought a further hearing which was granted.

The third hearing was held on February 18, 1941. At this hearing Mr. McCartan was again examined and cross-examined at length. Dr. Molsberry, who had testified at the second hearing, was further cross-examined. Two members

of the school board, Schmidt and Ferrick, were examined and cross-examined. On February 28, 1941, the commission entered the award here under review. Attached to the award is the following memorandum made by the commission:

"The issues are simple, should have been fully understood, and if respondent [appellant] failed to present necessary evidence, it was certainly through no lack of opportunity to do so. Respondent's [appellant's] failure of preparation at the time of the first scheduled hearing has resulted in a delay of over nine months in reaching a decision to the prejudice of the applicant, and through no fault of his. Further delay cannot be countenanced."

There are applicable the following statutes:
Sec. 102.15 (1), Stats. 1939, provides:

. "Subject to the provisions of this chapter, the commission may adopt its own rules of procedure and may change the same from time to time."

Sec. 102.17 (1) (a), Stats. 1939, provides, in part, as follows:

"The commission shall cause notice of such hearing, to be given to each party interested, by service of such notice on him personally or by mailing a copy thereof to him at his last known post-office address at least ten days before such hearing. . . . Such hearing may be adjourned from time to time in the discretion of the commission, and hearings may be held at such places as the commission shall designate."

Sec. 102.23 (2), Stats. 1939, provides:

"Upon the trial of any such action the court shall disregard any irregularity or error of the commission unless it be made to affirmatively appear that the plaintiff was damaged thereby."

There is no basis disclosed by the record to support the contention that the appellant school district was denied a full and complete hearing. Appellant in fact has had three separate

hearings. The commission is to be commended for not permitting further delay. The right of claimants to compensation should be decided as expeditiously as possible.

*By the Court.*—Judgment affirmed.