Argued May 21, modified June 12, petition for rehearing
denied July 8, 1953

# WILSON ET UX. *v.* KRUSE

258 P. 2d 112

[1]

*William J. Masters,* of Portland, argued the cause for appellant. On the brief were Masters & Masters, of Portland.

*Walter J. Cosgrave,* of Portland, argued the cause for respondents. With him on the brief were Maguire, Shields, Morrison and Bailey, of Portland.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN, LUSK, TOOZE and PERRY, Justices.

LATOURETTE, C. J.

Plaintiffs sued for treble damages for waste alleged to have been committed and permitted by defendant. The jury awarded $500, compensatory damages, whereupon the trial court, pursuant to § 8-405, OCLA, awarded treble damages.

The facts are that plaintiffs leased to defendant certain premises in Multnomah county, Oregon, for a period of five years, beginning January 1, 1945, and ending December 31, 1949. It appears that theretofore, and beginning with the year 1941, there was in existence a lease between the parties covering the same premises.

The evidence discloses that the premises, when returned to plaintiffs at the end of the lease, were in a poor state of repair, as follows: The glass in the windows and doors was broken; toilets and toilet doors were damaged; concrete floor and plaster on the walls were cracked and broken; the walls and roof of the building sagged; wood paneling on the walls was damaged, as well as the furnace and hot water heater.

The main legal question involved is whether or not under the facts and law of this case the court was justified in allowing treble damages. Section 8-405, OCLA, is as follows:

"If a guardian, tenant in severalty or in common, for life or for years, of real property, commit waste thereon, any person injured thereby, may maintain an action at law for damages therefor, against such guardian or tenant; in which action there may be judgment for treble damages, forfeiture of the estate of the party committing or permitting the waste, and of eviction from the property. But judgment of forfeiture and eviction shall only be given in favor of the person entitled to the reversion, against the tenant in possession, when the injury to the estate in reversion is determined in the action to be equal to the value of the tenant's estate or unexpired term, or to have been done or suffered in malice."

We are not advised that the construction of the above statute has ever been before us except, perhaps, inferentially in the case of *Winans v. Valentine,* 152

Or 462, 54 P2d 106. Before discussing that case, on which plaintiffs rely, we will consider the cases on the subject from other jurisdictions.

The California Supreme Court, in *Isom v. Rex Crude Oil Co.*, 140 Cal 678, 74 P 294, in construing a statute quite similar to our statute, said:

"We are of opinion that it is not the purpose of this section to establish a rule of treble damages in all actions for waste, but rather to leave that matter to the discretion of the court. The word 'may' used in the section is not a mandatory term, except when it is construed to mean 'must', and it is never thus construed 'where there is nothing in the connection of the language or in the sense or policy of the provision to require an unusual interpretation.' * * * We see nothing in the sense or policy of the quoted section that requires any unusual interpretation of its language. The just and natural construction of the section would seem to require the infliction of the penalty of treble damages only when the waste was committed willfully and wantonly or maliciously. * * *"

In *Delano v. Tennent,* 138 Wash 39, 244 P 273, 45 ALR 766, the Washington Supreme Court had before it for consideration a statute identical with ours, and it was there held that before the tenant could be held for treble damages the waste must have been wilful and wanton, the court saying:

"* * * In this instance, as we have shown, the statute permits recovery in treble damages only where the waste is willful and wanton and the record does not show that the waste here committed was of that sort."

In *Rimoldi v. Hudson Guild,* 110 NYS 881, the Supreme Court of New York, Appellate Term (affirmed on appeal, 130 App Div 898), said:

"* * * But it can scarcely be believed that the tenant was to be mulcted in treble damages in

a case where he was not guilty of any conscious or voluntary act of waste, and where the most that may be said is that he was guilty of negligence. * * *,,

In modifying the award the appellate court removed the treble damages.

In 2 Restatement of the Law of Property, § 198, p 809, we read:

"b. Restricted operation of such statutes. The purpose of any such statutory enactment is to provide a severe penalty, thereby tending to discourage the commission of waste. The penalty, however, is so severe that these statutes are construed strictly, applying only to the variety of procedure necessarily included by the language used and further applying only to conduct constituting 'voluntary' (§ 138) as distinguished from 'permissive' waste (§ 139). * * *,,

In the *Winans v. Valentine* case, supra, in approving treble damages under the statute, we said:

"The evidence clearly shows that the waste committed was voluntary, and, in many instances, willful, wanton, and in utter disregard of the rights of plaintiff."

In that case a widow leased her dwelling house and approximately nine acres of land for the sum of $25 a month. The tenants never occupied the dwelling house, but, immediately thereafter, sublet the same to a party who conducted therein a night club where hard liquor was illegally sold in violation of the prohibition law existing at that time. The chicken house was converted into a cockpit where cock fighting was illegally indulged in. The garage was converted into bedrooms for the accommodation of guests. The tenants retained possession of the leased premises outside of the buildings with an anemic attempt to farm the land as a sort of a smoke screen to give the

activities of the parties the appearance of some respectability. The record further shows that the tenants frequented the bar room on various occasions with a fair knowledge of what was going on. The evidence discloses that not only was wilful waste committed in the buildings, such as removal of partitions in the dwelling house, the building of a bar in the same for the gratification of patrons, and the digging of pits in the chicken house but also on the premises retained by the tenants, such as the destruction of the lawn, shrubbery, fruit trees, and the removing of tiling and sewers.

The jury was warranted in finding against all of the defendants because, outside of the evidence of waste committed by each on the premises retained by each, there was evidence that all were in "cahoots" as far as the main attraction was concerned.

■ We are firmly convinced that the legislature, in enacting the statute in question, intended to permit the court to allow treble damages only when the waste was wilfully, wantonly or maliciously committed.

In the case at bar it conclusively appears, and in fact it is admitted by one of the plaintiffs, that upon the execution of the second lease the defendant sublet the entire premises under lease to a machinery company which alone occupied the premises during the entire term of the lease, and which conducted the business of building heavy equipment of various kinds thereon.

■ It is well recognized that an action for waste is an action ex delicto, and, in dealing with this matter, we deal with tortious acts rather than acts arising out of contract.

■■ Punitive or exemplary damages are allowable when the defendant himself acts maliciously, wilfully or

wantonly, and a guilty intent on the part of the defendant, or other circumstances of aggravation, must be shown before exemplary damages are recoverable. *Green v. Leckington,* 192 Or 601, 236 P2d 335. It is obvious in the instant case that since waste, if any, was committed by the subtenant, defendant would not be amenable to the statute.

Plaintiffs urge consideration of their cross-appeal in the event that the judgment of the lower court be not upheld. They take issue with the court's instruction that the jury might consider an increase in value in the property by reason of improvements made by defendant in arriving at the amount of damages to be awarded. The point urged is that there was no evidence in the case of any increase in value of the property by reason of improvements made, and that therefore, under the doctrine laid down in *Morris v. Perkins,* 6 Or 350, the judgment should be reversed and a new trial ordered.

The instruction was undoubtedly abstract and therefore erroneous, but under the liberal rule laid down in later cases, particularly *Godvig v. Lopez,* 185 Or 301, 202 P2d 935, before a reversal is ordered it must appear that such an instruction is prejudicial, and, in determining such, ' "The court must be able to see that under the circumstances disclosed by the record, the jury may have been, and probably were, misled, to the injury of the complaining party." ' Plaintiffs do not argue that the instruction complained of was prejudicial, and, so far as the record is concerned, we do not find that plaintiffs were prejudiced by the same.

The judgment will be modified, with directions to eliminate from the same the treble damages allowed.