Argued October 3, affirmed October 23, 1957

# McMULLEN *v.* ROBINSON
316 P. 2d 503

*Glenn R. Jack,* Oregon City, argued the cause for appellant. With him on the brief were James O. Goodwin, of Oregon City, and Richard E. Rink, Portland.

*Dale Jacobs,* of Oregon City, argued the cause for respondent. With him on the brief were Floyd Hamilton, of Portland, Robert A. Holland, Portland, and Uney & Jacobs, of Oregon City.

Before PERRY, Chief Justice, and ROSSMAN, BRAND and McALLISTER, Justices.

BRAND, J.

The plaintiff, Richard D. McMullen, who was the operator of a motorcycle, brought this action against the defendant, who was operating a Studebaker pickup truck, to recover damages on account of the alleged negligence of said defendant. There was a verdict and judgment for the plaintiff, and the defendant appeals.

The plaintiff was operating his motorcycle in an

easterly direction along Market Road near the city of Oswego, Oregon, and was approaching the intersection of said Market Road with State Highway No. 43, a public thoroughfare. The defendant was also operating his truck in an easterly direction along Market Road, and in the rear of the plaintiff and his motorcycle. All traffic on Market Road is required to come to a full and complete stop on entering said Highway No. 43. The plaintiff alleges that upon reaching Highway No. 43 he brought his motorcycle to a full and complete stop, and while he was so stopped the defendant, who was negligently operating his truck in an easterly direction on said Market Road, ran into and struck the rear end of plaintiff's cycle, damaging the same, and injuring the plaintiff. The plaintiff alleges that the defendant was negligent in that he operated his truck at a high and dangerous rate of speed and at a speed which was greater than would permit him to exercise control over the truck while approaching and entering the intersection. It is also alleged that the defendant negligently operated his truck in such a manner as to be unable to observe and obey traffic signals, and particularly the traffic stop signals at the intersection of Market Road and Highway No. 43. It is also alleged that the defendant failed to keep a proper lookout, and negligently struck the motorcycle which plaintiff was operating. Plaintiff seeks damages for the injuries thus suffered. The defendant admits the collision, denies the allegations of negligence, and alleges that the collision was caused by the negligence of the plaintiff in that he failed to keep his vehicle under proper control, failed to maintain a proper lookout, and stopped his motorcycle without any warning. It is asserted that the plaintiff's acts of negligence were the sole and proximate cause of the collision. The

reply is a general denial of the allegations of contributory negligence.

There is evidence to the effect that the plaintiff, who was a police officer, was riding his motorcycle on a down grade toward the intersection. He was preceded by an automobile which drove to the stop line at the intersection and stopped. That car was compelled to wait because there was other traffic involved on the highway. The plaintiff drove up and stopped behind the car approximately one car length. It was dusk. The plaintiff had his lights on, and the defendant, who was driving in the same direction behind the plaintiff, also had his lights on. As the car which was in front of the plaintiff's motorcycle proceeded out into the intersection the plaintiff drove his motorcycle up to the stop line, and again stopped. At about the time that he was ready to drive out onto Highway 43 he caught sight of the defendant's car approaching him from the rear, and saw the lights over his shoulder as he was looking to the left, and at about the same instant he was struck, and found himself lying out in the highway.

"(1) No person shall drive a vehicle upon a highway at a speed greater than is reasonable and prudent, having due regard to the traffic, surface and width of the highway, the hazard at intersections and any other conditions then existing.

"(2) No person shall drive at a speed which is greater than will permit the driver to exercise proper control of the vehicle and to decrease speed or to stop as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and with the duty of drivers and other persons using the highway to exercise due care." ORS 483.102.

■■ The trial court instructed the jury in the language of the "basic rule" just quoted, and the defendant assigns the giving of such instruction as error. The exception taken was to the effect that there was no evidence of speed. The word "speed" as used in the statute does not necessarily mean rapid motion measured by miles per hour. The question is whether the rate of travel was excessive under all the facts, circumstances and conditions existing at the time. *Bailey v. Rhodes, Administrator,* 202 Or 511 at 523, 276 P2d 713. As said in *Burnett v. Weinstein,* 154 Or 308, 314, 59 P2d 258:

> "* * * The mere fact that defendant was traveling not in excess of five miles an hour when struck does not necessarily absolve him from the charge of negligence. Under some circumstances it is negligent to move a car at all."

One of the circumstances which was highly relevant in determining whether defendant violated the basic rule was the fact that the plaintiff on his motorcycle was directly in front of the defendant, was at a stop-sign intersection, and had stopped at the yellow stop line on the pavement, at which point he was hit by defendant's car. Whether the defendant had his car in proper control was certainly in issue, and the rate of speed was relevant on that issue. *Nicholas v. Fennell,* 184 Or 541 at 551, 199 P2d 905; *Zeek v. Bicknell,* 159 Or 167, 175, 78 P2d 620. We find no error in the giving of the instruction.

■ The court also instructed the jury as follows:

> "* * * we have an allegation made by plaintiff that the defendant did not observe traffic signals, signals to stop. In that respect we have a statute which states as follows:
>
> "The State Highway Commission with reference to State highways, and local authorities with

reference to highways under their jurisdiction hereby are authorized to designate main traveled or through highways by placing at the entrances thereto from intersecting highways, signs, or markers notifying drivers of vehicles to stop before entering or crossing such designated highways, or may designate particular intersections and place such stop signs or markers at one or more entrances thereto. And whenever such signs have been so placed, it shall be unlawful for a driver of any vehicle to avoid to stop in obedience thereto, except where directed to proceed by an officer of traffic control signal." (See ORS 483.204).

The defendant objected to this instruction for the alleged reason that "the evidence is conclusive that he [the defendant] did stop." Of course the defendant "did stop", but he stopped after hitting the plaintiff. We must accept plaintiff's version of the evidence, in view of the verdict of the jury. The issue of contributory negligence was submitted to the jury and its decision was in favor of the plaintiff. If the plaintiff stopped at the yellow stop line he acted in accordance with law, and the defendant was negligent in failing to keep a lookout, in failing to have his car under proper control, and in hitting the plaintiff. Under these circumstances no prejudicial error was committed by the giving of the instruction concerning the power of public authorities to place stop signs or markers at intersections and the duty of both operators to act in obedience thereto.

■ Even if we were to agree with defendant's contention that the two statutory instructions given were abstract, we would not reverse the case upon that ground. Defendant relies on a statement found in *Frame v. Arrow Towing Service*, 155 Or 522, 64 P2d 1312, that "Abstract propositions of law tend towards

confusion of the jury." Since the decision of that case the rule has been firmly established that a judgment will not be reversed because of the giving of an abstract instruction unless the court can see that under the circumstances disclosed by the record the jury may have been and *probably were* misled to the injury of the complaining party. *Godvig v. Lopez,* 185 Or 301, 310, 202 P2d 935. In that case we said, "If the instruction be deemed abstract we hold that it was not erroneous and certainly not prejudicial." 185 Or at 314. See also, *Wilson v. Kruse,* 199 Or 1 at 7, 258 P2d 112; *Valdin v. Holteen and Nordstrom,* 199 Or 134, 157, 260 P2d 504.

As his third and last assignment of error the defendant asserts that the court erred in denying the defendant's motion for a new trial, based on the alleged misconduct of counsel for the plaintiff. The motion is based upon the following colloquy between the court and counsel which occurred after the instructions had been given and the testimony had been closed:

"THE COURT: You may retire in company with the bailiff.

"MR. JACOBS: We stipulated, your Honor, that they could take this drawing back to the jury room, didn't we?

"THE COURT: Was it stipulated or wasn't it, Mr. Jack?

"MR. JACK: We did not, your Honor, no.

"MR. JACOBS: I am asking it now.

"MR. JACK: It is not introduced as an exhibit.

"THE COURT: It has not been introduced and normally, I would not permit it.

"MR. JACK: And counsel knows that.

"THE COURT: You may retire, Ladies and Gentlemen."

■ This is another of the many cases in which much of the testimony is unintelligible because of the constant references to a map or drawing which was not put into evidence. There is no reason to believe that any one acted in bad faith in attempting to remedy the defect even at so late a point in the trial. The assignment of error is without a semblance of merit.

Judgment is affirmed.