ANDRASKI, Plaintiff, vs. GORMLEY and another, Defendants.
[Two appeals.]

*January 9—February 4, 1958.*

For the plaintiff there were briefs by *Usow & Usow* of Milwaukee, and oral argument by *Sidney Usow* and *Herbert L. Usow.*

For the defendants there were briefs by *Lowry & Hunter,* and oral argument by *Richard N. Hunter* and *Willis J. Zick,* all of Waukesha.

BROADFOOT, J.   It is the plaintiff's first contention that the defendant, from the evidence, should have been found

negligent as to management and control. Since a new trial is necessary for other reasons no detailed discussion of the evidence is required on this point. However, we will state that the record discloses that the defendant did not see plaintiff's car until he was within a very short distance of it and did not see the plaintiff at all until after the collision. Under the circumstances the defendant was not negligent as a matter of law with respect to management and control.

It is the next contention of the plaintiff that he is entitled to a new trial because of errors committed during the course of the trial. With this contention we must agree. There were several errors in the instructions to the jury that were prejudicial to the plaintiff. In connection with the question inquiring as to the negligence of the defendant the trial court instructed the jury as to the emergency doctrine. The emergency existed because of defendant's failure to keep a proper lookout. He therefore did not come within the emergency rule and was not entitled to the instruction.

In connection with the questions inquiring as to plaintiff's negligence there were further errors. Question 3 of the special verdict read as follows:

"At the time of and just prior to the collision was Alexander Andraski negligent with respect to:
"(a) His position upon the highway?
"(b) Taking proper precautions to prevent the collision?"

Referring to subdivision (a) of the question, the trial court instructed the jury as to sec. 85.19 (1), Stats., with reference to parking on the highway but denied the plaintiff's request to read to the jury the provisions of sec. 85.19 (8), wherein disabled vehicles are exempt to some extent from the provisions of sub. (1). Vehicles with flat tires may come under the exception provided in sec. 85.19 (8). *Long v. Steffen,* 194 Wis. 179, 215 N. W. 892; *Callaway v. Kryzen,* 228 Wis. 53, 279 N. W. 702; *Kline v. Johannesen,* 249 Wis.

316, 24 N. W. (2d) 595; *Swanson v. Maryland Casualty Co.* 266 Wis. 357, 63 N. W. (2d) 743.

The jury should have been so instructed and the provisions of sub. (8) of the parking statute should have been made known to the jury. There was testimony that the car was driven off the traveled portion of the highway to the extent that the right front wheel was off the shoulder and that because of the adjoining ditch the car was slanted to such an extent that Mrs. Andraski could not get out of the right front door but had to use the door on the left. There was other testimony that the ditch was shallow and the car could have been driven farther to the right without danger, and that there were other locations some distance ahead on the highway where the car could have been parked entirely off the traveled portion thereof. As stated in the *Kline case, supra* (p. 319):

"It was for the jury to say whether the circumstances, including the possibility of damage to the punctured tire, justified failure to remove the car from the highway."

The attorneys on each side objected to the form of the question in subdivision (b). The defendant requested that the question be further subdivided so that (b) would read "lookout" and that a further subdivision (c) be included to read "warning other users of the highway." The plaintiff requested a rather complicated subdivision. The question as submitted was too broad, particularly in view of the instructions. Under that question as submitted the jury could have felt that if the plaintiff was negligent as to the position of his car upon the highway it would follow that he was negligent as to subdivision (b). With reference to subdivision (b) the trial court instructed the jury as follows:

"In considering the question of plaintiff's negligence in failing to take proper precautions to prevent the accident, *you are instructed that the plaintiff was bound to use ordi-*

*nary care by the means of lights or otherwise to prevent the collision between his parked car or himself and other cars operating on the highway.* You are further instructed that the plaintiff, Andraski, in *voluntarily* placing himself in a position of *great* danger on the highway was bound to exercise the degree of vigilance in looking out for oncoming traffic which a reasonably prudent person would exercise in view of the dangerous nature of his position. *You are further instructed that the plaintiff is not relieved of any negligence for failure to properly warn oncoming traffic because of his delegation of the performance of these duties to his wife.* The burden of proof on the third question is upon the defendant." (Emphasis supplied.)

From the question and from the instructions it is apparent the trial court felt that the plaintiff was under an obligation to warn other users of the highway by means of lights or otherwise. He did have such duty but the instructions are very incomplete. So far as a disabled automobile is concerned the only warning required to be given to drivers approaching from the rear is the display of adequate taillights under the provisions of sec. 85.06 (5), Stats. *Swanson v. Maryland Casualty Co., supra.* The first-italicized portion of the instructions quoted above was improper in that it did not include the rule just stated and indicated that the plaintiff's duty as to the car and as to his own person were the same. The use of the words "voluntarily" and "great" were unnecessary and were prejudicial to the plaintiff. Under the circumstances it cannot be said that the plaintiff's position was entirely voluntary. The use of the word "great" in connection with his position of danger was prejudicial. He was in great danger from other drivers who did not exercise proper lookout. Because of his encroachment on the highway the plaintiff, as a reasonably prudent person, should have maintained a lookout for oncoming traffic and a question as to his lookout should have been included.

The last-italicized sentence was based upon one sentence from the opinion in the case of *Menge v. Manthey,* 200 Wis. 485, 488, 227 N. W. 938. That sentence had nothing to do with the decision of the *Menge Case* and was certainly *obiter dictum.* In addition it is an incomplete statement of a rule of law. Undoubtedly what was meant was that if a principal who owes some duty delegates the performance thereof to another and if that other person is negligent in the performance thereof the principal may be bound by the agent's negligence. The instruction as given cannot be approved under any circumstances. It refers to the testimony that the wife took a flashlight and proceeded some distance from the rear of the plaintiff's automobile to warn oncoming traffic by means of the flashlight. That action was an extra precaution so far as the plaintiff's automobile was concerned, as the evidence indicates that adequate taillights were displayed thereon. The jury could properly consider such act on the part of the wife in connection with the duty the plaintiff had to maintain a proper lookout for his own safety.

Plaintiff contends that other errors were committed during the trial. It is unnecessary to consider them since sufficient error has already been demonstrated to require a new trial.

As to the extension of time for serving the bill of exceptions the defendants contend that sec. 269.45, Stats., requires a showing of cause and excusable neglect in order for the court to make an extension. The basis of the application for extension was the serious illness of a brother of the attorneys for the plaintiff. They contend that this was an insufficient cause and was not a proper ground for a finding of excusable neglect. This matter was within the discretion of the trial court and we find no abuse of discretion.

*By the Court.*—Judgment reversed. Cause remanded for a new trial. The order appealed from is affirmed.